Ruffin, C. J.
 

 It seems to be- the received doctrine In England, that money cannot be taken on a
 
 fieri facias.
 
 It has, however, been laid down by the highest Court in this country, that, when in possession of the debtor, it may be.
 
 Turner
 
 v.
 
 Fendall,
 
 1 Crouch 117. On that point, we believe, that case has been generally approved. It also determined, that the sheriff cannot apply to the satisfaction of an execution against a person, money, which he received on an execution in favour of that person. For, until it be paid over to the party it is not his goods. The Courts have exercised a jurisdiction, where there are mutual judgments between two persons, to have one set against the other, and satisfaction accordingly entered — especially, when one of the parties is insolvent. That is not at all under the statute of set-off, as the judgments are already existing, and the opportunity for pleading the set-off has passed. It is an instance of a summary equitable jurisdiction over suitors, exercised for the saving of expenses and the promotion of justice. So, too, there have been cases, in which money, raised on an execution for a person, has been applied by the Court to a judgment there against that person or to an execution in the bands
 
 *96
 
 of the sheriff. But this last is not obligatory on the Court in every case.
 
 Overton
 
 v.
 
 Hill,
 
 1 Murp. Indeed, more recently the notion seems to be prevailing in England, that it ought not to be done in any case.
 
 Knight
 
 v.
 
 Criddle,
 
 9 East. 48.
 
 Williams
 
 v.
 
 Barr, 2 N.
 
 R. 376. However that may be, the jurisdiction, supposing it to exist, belongs to the Court and not to the ministerial officers. He cannot go out of his writ, and has no power to apply money, which he owes to, or has received for, a defendant, in discharge of an execution against him or his property. There is no authority for such a power in the sheriff; and that of
 
 Turner
 
 v.
 
 Fendall,
 
 is a most respectable one against it. It has, moreover, been several times decided in this State, that money thus in the hands of a sheriff cannot be attached.
 
 Overton
 
 v.
 
 Hill,
 
 1 Murph. 47.
 

 Pee Curiam. Judgment affirmed.